UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NHOUPHINH M.
XAYMONGKHONH,

    Plaintiff,

v.                                                   Case No. 8:19-cv-3056-WFJ-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Before me on referral is the *Plaintiff's Unopposed Motion for Award of Attorney's Fees* pursuant to the Equal Access to Justice Act (EAJA or the Act).  (Doc. 22).  For the reasons discussed below, I respectfully recommend that the Plaintiff's motion be granted.

I.

    The Plaintiff initiated this action in December 2019, seeking judicial review of the Commissioner's decision denying his application for Disability Insurance Benefits.  (Doc. 1).  In February 2021, the Court reversed the Commissioner's decision and remanded the case for further proceedings.  (Doc. 20).  The Clerk of Court entered

Judgment for the Plaintiff the next day. (Doc. 21). The instant motion for attorney's fees, filed in May 2021 and unopposed by the Commissioner, followed. (Doc. 22).

II.

Before addressing the substance of the Plaintiff's motion, I must dispose of a threshold procedural issue stemming from the recent revisions to the local rules. Effective February 1, 2021, Local Rule 7.01 now creates a bifurcated process for parties seeking the Court's approval of post-judgment attorney's fees and related non-taxable expenses. M.D. Fla. R. 7.01. Under this provision, a party claiming attorney's fees or expenses must first timely move the Court for a determination of the party's entitlement to such compensation. M.D. Fla. R. 7.01(b). If the Court grants that motion, the fee applicant must—within forty-five days of the Court's order—file a supplemental motion that complies with the following requirements:

> (1) describes the meet-and-confer effort but preserves any confidential settlement communication;
> (2) specifies the resolved and *unresolved* issues;
> (3) includes a memorandum of law on any *disputed* issue;
> (4) includes for any *disputed* rate or hour:
>     (A) the timekeeper's identity, experience, and qualification;
>     (B) specifies the resolved and *unresolved* issues;
>     (C) includes a memorandum of law on any *disputed* issue;
>     (D) the timekeeper's requested rate;
>     (E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable;
>     (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed

>    for similar services by a lawyer of comparable skill, experience, and reputation; and
> (5) includes for a *disputed* non-taxable expense:
>    (A) a receipt for, or other evidence of, the expense and
>    (B) lead counsel's verification that counsel incurred the expense.

M.D. Fla. R. 7.01(c) (emphasis added).

The above emphasized language suggests that, while Local Rule 7.01 mandates two separate motions be filed before the Court can award attorney's fees and expenses, the second motion may be deemed unnecessary if the requested amount is not contested. *Id.* Indeed, a number of courts analyzing fee petitions under the Southern District of Florida's analogous local rule—namely, S.D. Fla. R. 7.3—have dispensed with the bifurcated procedure where, as with the instant motion, a party's fee application is unopposed. *See, e.g.*, *Cruzado v. Saul*, 2021 WL 356157 (S.D. Fla. Jan. 14, 2021), *report and recommendation adopted*, *Cruzado-Rodrigues v. Saul*, 2021 WL 354186 (S.D. Fla. Feb. 2, 2021); *Forbes v. Berryhill*, 2021 WL 256364 (S.D. Fla. Jan. 26, 2021); *Lloyd v. James E. Albertelli, P.A.*, 2020 WL 7295767 (S.D. Fla. Dec. 10, 2020).

In light of this case authority and given the circumstances presented, I respectfully recommend the Court invoke its authority under Local Rule 1.01(b)—which authorizes the Court to suspend application of a local rule—and decline enforcement of Local Rule 7.01's bifurcation requirement here. M.D. Fla. R. 1.01(b); *see also Tobinick v. Novella*, 884 F.3d 1110, 1120 (11th Cir. 2018) (finding that a district court did not abuse its discretion in allowing a party to submit "an omnibus motion

3

for fees without adhering to some of the procedural requirements under [the Southern District of Florida's] local rules").

With this threshold procedural matter resolved, I turn to the merits of the Plaintiff's fee motion. The EAJA authorizes a court to grant attorney's fees and costs to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist that make such an award unjust. 28 U.S.C. § 2412(d). To warrant an authorization of attorney's fees and costs under the Act, three conditions must be met: (1) the party must file a fee application within thirty days of the final judgment; (2) the party must qualify as the prevailing party and his net worth must not have exceeded $2,000,000 at the time he filed the case; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust. *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by his lack of opposition. Thus, a grant of attorney's fees under the Act is appropriate in this case.

To determine the amount of fees to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in relevant part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney['s] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As this statutory language indicates, the determination of the proper hourly fee rate involves a two-part analysis. First, the Court must assess the market rate for similar services provided by attorneys of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Second, if the prevailing market rate exceeds $125 per hour, the Court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this action is not subject to precise calculation. In my experience, counsel submitting EAJA fee applications for services performed during and after 2019 typically have sought hourly rates ranging from $175 to more than $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, exceeded the statutory cap of $125. I am not alone in this observation. *See, e.g.*, *Beacham ex rel. Beacham v. Comm'r of Soc. Sec.*, 2020 WL 8083591, at *1 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted*, 2021 WL 82845 (M.D. Fla. Jan. 11, 2021); *Langer ex*

5

*rel. Langer v. Comm'r of Soc. Sec.*, 2020 WL 7210026, at *4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020); *Cruz-Fernandez v. Comm'r of Soc. Sec.*, 2020 WL 6585598 (M.D. Fla. Nov. 10, 2020). Accordingly, I find it appropriate to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely calculate cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010); *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting cases in various circuits using the CPI to determine hourly rate adjustments).[1]  Given this decisional law, I find it reasonable to use the CPI as a guide for determining cost of living increases under the EAJA.  *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited June 11, 2021).

Here, the Plaintiff seeks $7,860.53 in fees based upon a total of 37.7 hours expended on this case in 2019, 2020, and 2021 by his lawyer, Enrique Escarraz. (Doc. 22 at 4).  The sought-after fees are predicated upon an hourly rate for Mr. Escarraz of

---

[1] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

6

$205.94 in 2019, $207.90 in 2020, and $211.77 in 2021. *Id.* In support of this request, the Plaintiff submits a copy of his fee agreement with Mr. Escarraz; an itemized schedule of the time Mr. Escarraz spent on the action during the above time frame; and an affidavit executed by Mr. Escarraz, in which he attests to the reasonableness of his fee request based on his familiarity with the hourly rates charged in non-contingent fee cases in the Tampa Bay legal community. (Docs. 23, 23-1, 23-2, 24).

Upon due consideration of the matter, I find that the total number of hours and the hourly rate claimed by counsel are reasonable and warranted. As a result, the Plaintiff is entitled to $7,860.53 in fees based upon a total of 37.7 hours devoted to this action.

### III.

In light of the above, I respectfully recommend:

1. The *Plaintiff's Unopposed Motion for Award of Attorney's Fees* (Doc. 22) be granted.

2. The Plaintiff be awarded fees in the amount of $7,860.53.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this amount shall be made payable to the Plaintiff. I further recommend that, if the government concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to Plaintiff's counsel.

Respectfully submitted this 11th day of June 2021.

*[signature]*

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable William F. Jung, United States District Judge
Counsel of record